**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| IN THE MATTER OF APPROXIMATELY | : | CIVIL ACTION |
| 1.96356404 BTC and 60139.57337 USDT | : | |
| IN KUCOIN WALLET ADDRESS | : | |
| ENDING IN LRtLoE2 WITH | : | NO. 25-CV-432 |
| ACCOUNTHOLDER NAME OF | : | |
| MAYANK AGGARAWAL | : | |

**VERIFIED COMPLAINT FOR FORFEITURE IN REM**

NOW INTO COURT COMES Plaintiff, United States of America, by and through undersigned counsel, who alleges the following:

**NATURE OF THE ACTION**

1. This is a civil action *in rem* to forfeit to the United States approximately 1.96356404 BTC and 60139.57337 USDT from wallet address ending in LRtLoE2 at the KuCoin Cryptocurrency Exchange, representing proceeds traceable to a violation of wire fraud, in violation of 18 U.S.C. § 1343, and representing property involved in a transaction or attempted transaction in violation of a money laundering statute, specifically 18 U.S.C. § 1956(a)(2)(B)(i), or property traceable to property involved in a transaction or attempted transaction in violation of a money laundering statute, specifically 18 U.S.C. § 1956(a)(2)(B)(i). Therefore, pursuant to 18 U.S.C. § 981(a)(1)(A) and (a)(1)(C), the defendant property is subject to forfeiture to the United States of America.

2. The defendant property was seized on or about February 4, 2025. The approximately 1.96356404 BTC and 60139.57337 USDT from the KuCoin wallet address ending in LRtLoE2 from the KuCoin Cryptocurrency Exchange is in the custody of the United States Secret Service.

## JURISDICTION AND VENUE

3.     The United States brings this action in rem in its own right to forfeit and condemn the defendant property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345 and over an action for forfeiture under 28 U.S.C. § 1355(a).

4.     This Court has in rem jurisdiction over the defendant property under 28 U.S.C. § 1355(b). Upon the filing of this complaint, the plaintiff requests that the Court issue an arrest warrant in rem pursuant to Supplemental Rule G(3)(b), which the United States will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(b) & (c).

5.     Venue is proper in this district, pursuant to 28 U.S.C. § 1355(b)(1), because acts or omissions giving rise to the forfeiture occurred in this district, pursuant to 28 U.S.C. § 1395.

## THE DEFENDANT IN REM

6.     The defendant property consists of the following:

Approximately 1.96356403 BTC and 60139.57337 USDT from wallet address ending in LRtLoE2 with accountholder name Mayank Aggarawal at the KuCoin Cryptocurrency Exchange (hereinafter referred to as the "defendant property").

## FACTS

**Victim S.M.**

7.     On October 11, 2023, victim S.M., a resident of Baton Rouge, Louisiana, was searching the internet on his/her iPad when a pop-up message appeared on his/her iPad screen that could not be removed. The message alerted that the device security had apparently been compromised and that the user needed to contact Apple and provided a telephone number.

8.     When victim S.M. called the number supposedly for Apple, a person advised that hackers had compromised his/her iPad and bank account at Chase Bank. The person convinced the victim that, to protect his/her money, the victim needed to withdraw cash from his/her bank account

2

and deposit it into bitcoin ATMs and send the funds to a "secure account" created for the victim, supposedly by Chase Bank.

9. In compliance with these instructions, on October 11, 2023, victim S.M. withdrew cash from his/her bank account and deposited the cash into multiple bitcoin ATMs around the Baton Rouge, Louisiana area. The cash was converted into bitcoin (BTC) and was sent from these bitcoin ATMs to multiple bitcoin addresses including the BTC address ending in "zr8kzen."

10. On October 13, 2023, approximately .42318 BTC was transferred from the wallet address ending in zr8kzen to the KuCoin address ending in LRtLoE2. This .42318 BTC was a combination of the victim S.M.'s 0.00935298 BTC and 0.0850373 BTC and the victim B.B.'s 0.15825413 BTC and 0.17054333 BTC (discussed in Paragraph 12). This transfer was made without victim S.M's or victim B.B.'s knowledge or authority.

**Victim B.B.**

11. Victim B.B., a resident of Canyon, Texas, reported that he/she had been defrauded out of approximately $19,099 and, at the subject's instructions, deposited cash into Bitcoin Depot ATMs and transferred the bitcoin to specific wallet addresses, including the BTC address ending in "zr8kzen."

12. On October 13, 2023, victim B.B. sent approximately 0.15825413 BTC to the wallet address ending in zr8kzen. Also on October 13, 2023, victim B.B. sent 0.17054333 BTC to the wallet address ending in zr8kzen. Soon after that same day, victim B.B.'s 0.15825413 BTC and 0.17054333 BTC were transferred with victim S.M.'s 0.00935298 BTC and 0.0850373 BTC to the KuCoin address ending in LRtLoE2 without either victims' knowledge or authority.

13. In addition to victim B.B. sending 0.15825413 BTC and 0.17054333 BTC on October 13, 2023, to the wallet address ending in zr8kzen, he/she also sent 0.20419035 BTC on October 16, 2023, to a wallet address ending in U8FJvV. On October 18, 2023, victim B.B.'s .20419035 BTC,

along with victim E.R.'s 0.40925081 BTC (discussed in Paragraph 16), was transferred from the wallet address ending in U8FJvV to the KuCoin address ending in LRtLoE2 without victim B.B.'s or victim E.R.'s knowledge or consent.

**Victim E.R.**

14. Victim E.R., a resident of Hector, Minnesota, advised that, on October 12, 2023, he/she received a pop-up message from Micro on their laptop that his/her device had been hacked and that, to avoid a scheduled automatic payment to a child pornographic website, the victim contacted what he/she believed to be his/her bank fraud department and was instructed to withdraw $30,000 from his/her bank account and deposit it into a Bitcoin ATM in two separate, equal amounts of $15,000 and transfer to a specific wallet address.

15. On October 13, 2023, victim E.R. sent 0.43053877 BTC to a wallet address ending in vyqf5s. On October 16, 2023, approximately 0.430524 BTC was transferred from the address ending in vyqf5s to the KuCoin address ending in LRtLoE2. On October 17, 2023, wallet address ending in vyqf5s received 2.628644 BTC from wallet address ending in rznh3ur, which is more than likely controlled by the account holder, Mayank Aggarawal. This address received multiple deposits from unknown sources, which are suspected of being from additional victims because law enforcement was able to trace one of the transactions into this address from a Bitcoin Depot that at least two of the victims (S.M. and D.L.) in this matter were instructed to use. On October 19, 2023, 2.628644 BTC was transferred to the KuCoin address ending in LRtLoE2.

16. As addressed in Paragraph 13, victim E.R. sent 0.40925081 BTC to the wallet address ending in U8FJvV on October 16, 2023. On October 18, 2023, E.R.'s 0.40925081 BTC, along with victim B.B.'s .20419035 BTC, was transferred from the wallet address ending in U8FJvV to the KuCoin address ending in LRtLoE2, without victim E.R.'s or victim B.B.'s knowledge or consent.

4

**Victim D.L.**

17.     Victim D.L., a resident of Evergreen, Louisiana, advised that he/she had been defrauded out of approximately $30,000, and he/she contacted what the victim believed to be his/her bank fraud department, who advised that his/her bank account had been hacked and that there were "child pornography charges on his/her account." After the subject threatened that the victim would be arrested, the subject advised that he/she could avoid arrest if the victim withdrew $31,000 from his/her account and deposited it into a Bitcoin Depot ATM in Alexandria, Louisiana, and subsequently transferred it to a "secure" account designated by the subject.

18.     On October 12, 2023, victim D.L. deposited $15,000 cash into a Bitcoin Depot ATM and transferred 0.42524331 BTC to wallet address ending in RmHRiZ. On October 13, 0.454384 BTC was transferred into the KuCoin address ending in LRtLoE2. On October 13, 2023, D.L. deposited another $15,200 cash into a Bitcoin Depot ATM and transferred 0.00560366 BTC, and then 0.42032957 BTC, both to the wallet address ending in RmHRiZ; on October 16, approximately 0.425756 BTC was transferred to the KuCoin address ending in LRtLoE2.

**Additional Investigation**

19.     EBRSO Sgt. McKnight conducted blockchain analysis and traced these four victims' bitcoin to the KuCoin address ending in LRtLoE2. None of these four victims consented to, nor had knowledge of, the transfers of their bitcoin into the KuCoin address ending in LRtLoE2. Furthermore, none of these victims had access to, or control over, this KuCoin account.

20.     Sgt. McKnight discovered that the accountholder of the KuCoin wallet address ending in LRtLoE2 was Mayank Aggarawal.

21.     Sgt. McKnight has investigated this same type of fraud scheme on numerous previous occasions. Based on her knowledge and experience, bad actors often impersonate representatives of legitimate companies and banks and attempt to convince victims that they are

5

actually victims of fraud and that, to safeguard their funds, the victim needs to withdraw funds from their bank accounts, deposit the funds into bitcoin ATMs, and then transfer the bitcoin to a supposed "secure" account that has been set up just for them. In reality, the supposed "secure" account is actually a wallet address set up and controlled by the bad actor; the victim often does not have access to this supposed "secure" wallet address.

22. The defendant property is believed to be the proceeds of a wire fraud offense because the bad actor knowingly devised a scheme to defraud these four victims by employing material false representations via wire communications, namely by telling the victims that their money was at risk and that, to protect the money, it had to be withdrawn and deposited, via bitcoin ATMs, into supposedly "secure" accounts.

23. The defendant property is also believed to be the proceeds of a money laundering offense because the four victims' funds were traced to the KuCoin address ending in LRtLoE2, after having been commingled with other victims' funds and transferred through a complex web of wallet addresses in an apparent attempt to conceal the source of the funds.

## LAW

24. 18 U.S.C. § 981(a)(1)(A) provides that the following shall be subject to forfeiture to the United States:

> "Any property, real or personal, involved in a transaction or attempted transaction in violation of section 1956 . . . of this title, or any property traceable to such property."

25. 18 U.S.C. § 981(a)(1)(C) provides that the following shall be subject to forfeiture to the United States:

> "Any property, real or personal, which constitutes or derived from proceeds traceable to . . . any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title)"

**BASIS FOR FORFEITURE**

26. The defendant property represents proceeds traceable to a violation of wire fraud, in violation of 18 U.S.C. § 1343, and represents property involved in a transaction or attempted transaction in violation of a money laundering statute, specifically 18 U.S.C. § 1956(a)(2)(B)(i), or property traceable to property involved in a transaction or attempted transaction in violation of a money laundering statute, specifically 18 U.S.C. § 1956(a)(2)(B)(i). Therefore, pursuant to 18 U.S.C. § 981(a)(1)(A) and (a)(1)(C), the defendant property is subject to forfeiture to the United States of America.

**CLAIM FOR RELIEF**

27. Based on the facts set forth and incorporated herein, the defendant property should be properly condemned and forfeited to the United States of America pursuant to 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C).

WHEREFORE, the plaintiff requests that the Court issue a warrant and summons for the arrest and seizure of the defendant property; that notice of this action be given to all persons known or thought to have an interest in or right against the defendant property; that the defendant property be forfeited and condemned to the United States of America; that the plaintiff be awarded its costs and disbursements in this action; and that the Court aware the plaintiff such other and further relief as this Court deems proper and just.

UNITED STATES OF AMERICA, by
APRIL M. LEON
ACTING UNITED STATES ATTORNEY

/s/ J. Brady Casey
J. Brady Casey, LBN: 24338
Assistant United States Attorney
777 Florida Street, Suite 208
Baton Rouge, Louisiana 70801
Telephone: (225) 389-0443
E-mail: john.casey@usdoj.gov