UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

IN RE:                                                                CIVIL ACTION

IN THE MATTER OF
APPROXIMATELY 1.96356404 BTC
AND 60139.57337 USDT IN
KUCOIN WALLET ADDRESS
ENDING IN LRTLOE2 WITH
ACCOUNTHOLDER NAME OF
MAYANK AGGARAWAL                                     NO. 25-00432-BAJ-SDJ

### RULING AND ORDER

This action seeks civil forfeiture of certain property allegedly derived from wire fraud and money laundering offenses. (Doc. 1). Now before the Court is the **Plaintiff's Motion For Entry Of Default Judgment And For Order Of Forfeiture (Doc. 5)**, seeking a final default judgment forfeiting the Defendant Property to the United States, namely the approximately 1.96356404 BTC and 60139.57337 USDT in the KuCoin wallet address ending in LRtLoE2, with the accountholder name of Mayank Aggarawal (collectively, "Defendant Property"). No party has appeared before the Court to claim an interest in the Defendant Property and there are no objections to the Government's Motion. For reasons to follow, the Government's Motion will be **GRANTED.**

I.   FACTUAL AND PROCEDURAL BACKGROUND

On May 22, 2025, the United States filed its verified complaint for forfeiture *in rem*, seeking forfeiture to the United States of the Defendant Property, pursuant

to 18 U.S.C. §§ 981(a)(1)(A) and (a)(1)(C). (Doc. 1, the "Verified Complaint"). The Defendant Property was seized on or about February 4, 2025. (*Id.* at ¶ 2). The Verified Complaint alleges that the Defendant Property is believed to be the proceeds of a wire fraud and money laundering offense. (*Id.* at ¶¶ 22–23).

The approximately 1.96356404 BTC and 60139.57337 USDT from the KuCoin wallet address ending in LRtLoE2 from the KuCoin Cryptocurrency Exchange is in the custody of the United States Secret Service. (*Id.* at ¶ 2).

The KuCoin Cryptocurrency Exchange showed that the accountholder of the wallet address was "Mayank Aggarawal" ("Aggarawal"). (Doc. 5-1 at 1). The only address for Aggarawal known to the Government is email address mayank.aggarawal@gmail.com. (*Id.* at 2). On May 28, 2025, the Government sent written notice of this civil forfeiture action against the Defendant Property and a copy of the Verified Complaint to Aggarawal because he was the only person who reasonably appeared to be a potential claimant to the Defendant Property pursuant to Rule G(4)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure ("Supplemental Rule G"). (*Id.*). As of July 14, 2025, Aggarawal had not filed a claim, nor had he contacted the United States about filing a claim. (*Id.* at 2–3). On July 14, 2025, out of an abundance of caution, the United States emailed a final notice to Aggarawal, extending the deadline within which to file a claim to the Defendant Property until July 28, 2025. (*Id.* at 3). Aggarawal ultimately failed to file a claim to the Defendant Property, although the notice letter indicated that "[f]ailure to follow

the requirements set forth above may result in judgment by default taken against you for relief demanded in the Complaint[.]" (*Id.* at 2–3).

In addition to sending two direct notices to the only known potential claimant, the Government published notice of the Verified Complaint to http://www.forfeiture.gov, a U.S. Department of Justice forfeiture website, pursuant to Supplemental Rule G(4)(a)(iv)(C). (Doc. 5-1 at 3; Doc. 5-7). This internet notice ran for 30 consecutive days and advised that any claimant to the Defendant Property was required to file a verified claim within 60 days from the first day of publication. (*Id.*). Despite these notices and publications, no person or entity filed a valid claim to any of the Defendant Property. (Doc. 5-1 at 3).

The United States submitted its Motion For Clerk's Entry Of Default as to the Defendant Property pursuant to Federal Rule of Civil Procedure 55(a), on the basis that "[n]o persons or entities have filed a claim" to the Defendant Property. (Doc. 3 at 1). The United States supported its motion with the declaration of Assistant U.S. Attorney J. Brady Casey. (Doc. 3-1). The Clerk granted the Government's Motion and entered default against the Defendant Property. (Doc. 4). Since the Clerk's entry of default, no party has filed a claim or an answer for the Defendant Property.

Now before the Court is the United States' Motion For Entry Of Default Judgment And For Order Of Forfeiture (Doc. 5), seeking confirmation of the Clerk's entry of default, and a final judgment forfeiting the Defendant Property to the United States. (Doc. 5).

## II. LAW AND ANALYSIS

### A. Standard

The U.S. Court of Appeals for the Fifth Circuit has adopted a three-step process to obtain a default judgment. *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a default occurs when a party "has failed to plead or otherwise defend" against an action. Fed. R. Civ. P. 55(a). Next, an entry of default must be entered by the Clerk when the default is shown "by affidavit or otherwise." *See id.* Third, a party may apply for a default judgment after an entry of default. Fed. R. Civ. P. 55(b); *N.Y. Life*, 84 F.3d at 141.

After a party files for a default judgment, the Court applies a two-part analysis to determine whether a final default judgment should be entered. First, the Court considers whether the entry of default judgment is appropriate based on the factors set forth in *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). These factors are: (1) whether there are material issues of fact at issue, (2) whether there has been substantial prejudice, (3) whether the grounds for default have been clearly established, (4) whether the default was caused by excusable neglect or good faith mistake, (5) the harshness of the default judgment, and (6) whether the court would think itself obliged to set aside the default on a motion for relief from the judgment. *Id.*

Second, the Court assesses the merits of the action to determine whether the plaintiff has a claim for relief. *Nishimatsu Constr. Co. v. Hou. Nat'l Bank*, 515 F. 2d 1200, 1206 (5th Cir. 1975); *Reyes v. VH Acoustic Ceilings, LLC*,

4

No. 18-cv-00790, 2020 WL 504659, at *2 (M.D. La. Jan. 31, 2020) (Jackson, J.).

### B. Discussion

"Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Reyes*, 2020 WL 504659, at *2 (citing *Lindsey*, 161 F.3d at 893). Here, however, no party has filed an Answer to the Government's Verified Complaint or responded in any way, the Clerk of Court has entered default, and the United States has filed a motion for default judgment. Thus, the procedural requirements for default judgment have been satisfied, *N.Y. Life*, 84 F.3d at 141, and the Court may turn to the merits of the Government's request.

#### i. *Lindsey* Factors

All *Lindsey* factors plainly favor entry of default judgment in the United States' favor.

First, there are no material facts in dispute because no person or entity filed a timely claim to the remaining Defendant Property.

Second, any putative claimants would not be unduly prejudiced by a default judgment because the United States has provided ample opportunity to respond under the requisite procedures.

Third, the grounds for granting a default judgment against any potential claimants are clearly established by the factual and procedural history in this case and the Clerk's entry of default.

Fourth, there is no evidence that default was caused by excusable neglect or good faith mistake.

Fifth, an entry of default would not be unduly harsh to any putative claimants because any and all such claimants were provided sufficient notice and opportunity to file a claim to the Defendant Property based on the direct mailings and the publication on the DOJ website.

Finally, there has been no showing of any facts that would lead the Court to anticipate that it may set aside a default judgment if a claimant appears and contests it.

### ii. Sufficiency of the Pleadings

Second, the merits of the United States' case are strong. Here, the Verified Complaint alleges that the Defendant Property is attributable to wire fraud and money laundering offenses. Such moneys are unquestionably subject to forfeiture.

Moreover, upon entry of a default judgment in this matter, no one will have an interest in, or claim to, the Defendant Property. As such, a forfeiture judgment vesting all interests in, claims to, and title to, the Defendant Property with the United States is warranted.

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that a default judgment is entered against the interests of potential claimant, Mayank Aggarawal, and any and all unknown possible claimants to the Defendant Property, specifically the approximately 1.96356404 BTC and

60139.57337 USDT in the KuCoin wallet address ending in LRtLoE2, with the accountholder name of Mayank Aggarawal seized on or about February 4, 2025.

**IT IS FURTHER ORDERED** that the Defendant Property, specifically the approximately 1.96356404 BTC and 60139.57337 USDT in the KuCoin wallet address ending in LRtLoE2, with the accountholder name of Mayank Aggarawal, seized on or about February 4, 2025, is forfeited to the United States of America, and that title to the Defendant Property is vested in the United States of America, to be disposed of in accordance with law, and that no right, title, or interest in the Defendant Property shall exist in any other person or entity.

Judgment shall be issued separately.

Baton Rouge, Louisiana, this 15th day of December, 2025

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**